UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIAM S. THOMAS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 15-CV-4118 |
| ) | |
| WARDEN KEVWE AKPORE, ) | |
| ASSISTANT WARDEN ) | |
| ALLAN HENDERSON, ) | |
| RICHARD SMITH, ) | |
| JOHN DOES 1 AND 2, ) | |
| ) | |
| Defendants. ) | |

## MERIT REVIEW OPINION

**JAMES E. SHADID, U.S. District Judge.**

Plaintiff proceeds pro se from his incarceration in THE Hill Correctional Center. His Complaint is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. He filed a nearly identical complaint in case 14-CV-1242, but that case was dismissed by Judge Mihm without prejudice to refiling after Plaintiff had exhausted his administrative remedies.

## ALLEGATIONS

On April 15, 2014, Plaintiff's cell at Hill Correctional Center was searched by tactical team members as part of prison-wide cell

search, ordered in response to reports of "shanks" and "hooch" found in a different prison, Menard Correctional Center. "[A] hundred or more officers, dressed in orange tactical regalia, stormed D-wing, banging their batons on doors and railings." (Complaint, para. 17.) Plaintiff, along with the other inmates, was taken to the gym where they waited for about four hours while the search was conducted.

When Plaintiff was allowed back to his cell, he discovered his belongings ransacked and ruined, mixed together with his cellmate's property, food contaminated, his bedding gone, ink cartridges and correction ribbons destroyed, and important writings, legal materials and pictures missing. The missing property included medicine, headphones, hygiene products, bowls, receipts proving purchase, a Walkman adapter, cable splitters mirrors, art supplies, artwork, coffee, and other items. Plaintiff's pictures of his deceased grandmother were gone, along with novels and poems Plaintiff had written, and a legal file containing evidence Plaintiff needed to challenge his conviction. The evidence that Plaintiff had been collecting to challenge his conviction allegedly proved that one of the primary witnesses had committed perjury

and had been improperly influenced by the prosecutor.  Without that evidence, Plaintiff allegedly lost his challenge to his conviction.

According to Plaintiff, many other inmates' property was also destroyed or taken during the mass search, and many inmates complained.  Plaintiff asked Defendants Warden Akpore and Assistant Warden Henderson to halt the garbage pick up or have the garbage bags searched, but they refused to take action to try to find the property or return it, even though they allegedly knew that many inmates' property had been wrongfully confiscated.

Plaintiff alleges that Officer Richard Smith was one of the tactical team members who searched Plaintiff's cell, along with possibly one or two other John Does.

## ANALYSIS

Plaintiff pursues constitutional claims for the violation of his First Amendment right to free speech and to access the court to challenge his conviction.  He also pursues a due process claim based on the deprivation of his property without due process, as well as a failure to train and failure to supervise claim.   He pursues supplemental state law claims for conversion, spoliation of evidence, and the intentional infliction of emotional distress.

At this point the Court cannot rule out a possible due process claim based on these allegations. While the unauthorized deprivation or destruction of property by a rogue officer does not state a due process claim, <u>Tenny v. Blagojevich</u>, 659 F.3d 578, 582 (7th Cir. 2011), a plausible inference arises that the manner in which the search was conducted and the property destroyed may have been sanctioned or directed by the Warden and Assistant Warden. A more developed record may likely show that the officers were not acting pursuant to orders, but that determination would be premature.

Additionally, taking Plaintiff's allegations as true, the confiscation of his writings, legal material, photos, and evidence essential to challenge his conviction states arguable First Amendment claims for a violation of Plaintiff's right to free speech and right to access the courts.

However, Plaintiff states no claim for the failure to train or supervise. A constitutional failure to train or supervise claim can be pursued only against a municipality or a defendant in an official capacity. Sanville v. McCaughtry, 266 F.3d 724, 740 (7th Cir. 2001). Hill Correctional Center is a state prison, not a municipality.

A state officer can be sued in his official capacity but only for injunctive relief, which is not available in this case because there is no continuing violation.  Pittman ex rel. Hamilton v. County of Madison, 746 F.3d 766 n. 39 (7th Cir. 2014)("Injunctive relief under § 1983 is proper only when there is a continuing violation of federal law.")  The Warden cannot be liable for his employees' constitutional violations simply because he is in charge.  Chavez v. Illinois State Police, 251 F.3d 612, 651 (7th Cir. 2001)(no respondeat superior liability under § 1983).  Plaintiff's failure to train/supervise claim will be dismissed to the extent he pursues the claim.

Whether Plaintiff's allegations make out state law claims should be addressed on a more developed record and with input from Defendants.  For instance, depending on the facts, the Illinois Court of Claims may have exclusive jurisdiction over the state law claims.  *See, e.g.,* Gay v. Reese, 2012 WL 7070294 (5th Dist. 2012)(not reported in N.E.2d)(Illinois Court of Claims had exclusive jurisdiction over inmate's claims that prison employees had "intentionally inflicted emotional distress by broadcasting a loud radio frequency into his cell."); Cortright v. Doyle, 386 Ill.App.3d 895 (1st Dist. 2008)(Illinois Court of Claims had exclusive

jurisdiction over former state employee's action for defamation, intentional infliction of emotional distress, and other state claims).

**IT IS THEREFORE ORDERED:**

1) Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff states constitutional claims for denial of access to the courts, denial of free speech rights, and deprivation of property without due process. Whether Plaintiff states any viable supplemental state claims that can proceed in this case will be determined on a more developed record.

2) Plaintiff's federal failure to train/supervise claim is dismissed.

3) This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

4) The Court will attempt service on Defendants by mailing each Defendant a waiver of service. Defendants have 60 days from

the date the waiver is sent to file an Answer.  If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service.  After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

5) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service.  Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

6) Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk.  A motion to dismiss is not an answer.  The answer should include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion.  In general, an answer sets forth Defendants' positions.  The Court does not rule on the merits of those positions unless and until a motion is filed by

Defendants.  Therefore, no response to the answer is necessary or will be considered.

    7)    This District uses electronic filing, which means that, after Defense counsel has filed an appearance, Defense counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk.  Plaintiff does not need to mail to Defense counsel copies of motions and other papers that Plaintiff has filed with the Clerk.  However, this does not apply to discovery requests and responses.  Discovery requests and responses are not filed with the Clerk.  Plaintiff must mail his discovery requests and responses directly to Defendants' counsel.  Discovery requests or responses sent to the Clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel.  Discovery does not begin until Defense counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

    8)    Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

9) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

10) If a Defendants fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal's service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

11) Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' counsel.

12) **The clerk is directed attempt service on Defendants pursuant to the standard procedures.**

13) **The Clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

14)     **By February 8, 2016, Plaintiff is directed to file a signed copy of his complaint.  The complaint on file is not signed.**

ENTERED: 1/27/2016

FOR THE COURT:

**_James E. Shadid_**
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE